```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

```
UNITED STATES OF AMERICA     )
                             )
         v.                  )    CRIMINAL NO. 2:05 CR 156
                             )
HENRY SULLIVAN WHITE         )
```

ORDER AND OPINION

At the October 18, 2005 initial appearance, the government requested that the defendant, Henry Sullivan White, be held without bond.  A detention hearing was conducted on October 19, 2005, and the court now makes the following findings of fact:

1. The defendant currently is charged in a 4 count indictment with violations of 18 U.S.C. ßß371, 922(g)(1), and 924(a)(2) and 21 U.S.C. ß844(a).  If convicted, the defendant faces a maximum sentence of 45 years imprisonment.

2.  At the detention hearing, the government proffered evidence to supplement the indictment and the prebond report prepared by the United States Probation Department.  The defendant also proffered evidence.

3.  The defendant is a convicted felon:

   A.  On April 30, 1976, the defendant was convicted of voluntary manslaughter. The Probation Department was unable to determine the exact sentence prior to the detention hearing.

   B.  On January 12, 1982, the defendant was convicted of child molestation and sentenced to 35 years imprisonment.

   C.  On March 19, 1999, the defendant was convicted of distributing cocaine and sentenced to two years and 11 months imprisonment.

In 2003, the defendant was charged with leaving the scene of an accident, but the Probation Department was unable to determine the disposition of that case. The defendant also has used a fictitious social security number.

4. On October 19, 2005, federal agents executed a search warrant at the defendant's residence. Twenty-one guns were found at various locations in the house. In his proffer, the defendant denied any knowledge of the weapons.

5. In the prebond report, the defendant admitted that he was a heroin addict and that he used heroin on a daily basis. In his proffer, the defendant denied any knowledge of the possession of heroin charge contained in Count 4 of the indictment.

6. The defendant was employed at the time of his arrest.

Under 18 U.S.C. ß 3142(e), a defendant may be detained as a danger to the community if he is charged with a crime of violence under Section 3142(f)(1)(A). The defendant is charged with being a felon in possession of a firearm under Section 922(g)(1). Depending upon the facts of the case, the charge of being a felon in possession of a firearm may constitute a crime of violence. *See generally* **United States v. Duran**, 407 F.3d 828, 838 n.4 (7th Cir. 2005) ("The jury is entitled to consider the legality of the possession in order to draw the inference that illegally possessed guns are more likely used for illegal purposes"); **United States v. Lane**, 252 F.3d 905, 907 (7th Cir. 2001); **United States v. Vahovick**, 160 F.3d 395, 397 (7th Cir. 1998); **United States v. Chapple**, 942 F.2d 439, 441 (7th Cir. 1991).

Under the facts of this case, the defendant is not charged with a crime of violence.  The government has not presented any evidence that the defendant used any of the firearms.  Therefore, the government is not entitled to the benefit of the presumption.

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e)  The defendant has three felony convictions for voluntary manslaughter, child molestation, and distributing cocaine.  The indictment alleges the possession of several firearms in 2003, and a search of the defendant's residence after his arrest revealed an additional 21 weapons.  The defendant is an admitted heroin addict and also is charged with possession of heroin.  An individual who is in possession of both narcotics and a firearm is a danger to the community.  ***United States v. Singer***, 943 F.2d 758, 762-63 (7th Cir. 1981).

As previously stated, the defendant has admitted to using heroin on a daily basis.  *See generally* ***United States v. Raimondi***, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").  Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 26th day of October, 2005

s/ Andrew P. Rodovich
United States Magistrate Judge

4